UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
LINGFEI SUN,

Plaintiff,

-against-

THE CITY OF NEW YORK, et al.,

Defendants.
---------------------------------------------------------------X

**MEMORANDUM & ORDER**

07 cv 4868 (RJD) (LB)

DEARIE, Chief Judge.

Pro se plaintiff Lingfei Sun alleges that defendants violated her federal civil rights and seeks recovery for various state law causes of action based on four separate periods of involuntary treatment she received at Elmhurst Hospital. Defendants filed a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), principally arguing that the majority of plaintiff's claims are precluded by a Queens County Supreme Court decision dismissing a parallel state court action. For the reasons discussed herein, moving defendants' motion is granted, in part, and denied, in part.

## BACKGROUND

Plaintiff Lingfei Sun, pro se, brought this action pursuant to 42 U.S.C. § 1983, alleging violations of her federal civil rights under the First, Fourth, Fifth, Eighth and Fourteenth Amendments, and state law claims of malicious prosecution, false arrest, false imprisonment, intentional infliction of emotional distress and assault and battery, arising from four separate periods of involuntary treatment at Elmhurst Hospital, a branch of the New York Health and Hospital Corporation. (See Compl. ¶¶ 1(c), 4.)[1] Defendants City of New York, the New York

[1]Plaintiff did not number the paragraphs in her original verified complaint. All references are to the numbered copy of the complaint attached to defendants' motion. (See Defs.' Br.,

City Health and Hospitals Corporation, Elmhurst Hospital, the New York City Police Department ("NYPD"),[2] Sergeant Joseph G. Cunningham, Dr. Yuanfang Chen, Dr. Samuel Sostre, Dr. Shanwan Chen, Dr. Mihai Iordache, Dr. Yun Li, and Dr. Hyekyung Lee ("moving defendants"), all of whom have been properly served,[3] now seek dismissal pursuant to Rule 12(b)(6). Moving defendants argue, inter alia, that plaintiff is precluded from raising the majority of her claims in light of the Queens County Supreme Court's decision dismissing plaintiff's first parallel state court action, which asserted claims based on the first three alleged periods of treatment—in August 2003, January 2005 and March 2005. See Sun v. City of New York, No. 5240/2006 (Sup. Ct. Queens Cty.), Defs.' Br., Ex. B (hereinafter "first action"); Notice

---

Elizabeth A. Wells Decl., Ex. A.) After briefing closed on the present motion, plaintiff amended her complaint to reflect the full names of four individual defendants who have yet to be served (Dkt. Nos. 30 & 32 (amended summons issued as to officers Steven Grattan, Neil Zuber, Terence Connelly, Hugo Dominguez on February 26, 2009; these individuals are not party to the present motion)). Her substantive allegations against moving defendants are identical to those stated in the original complaint.

[2]The NYPD is not a suable entity. See N.Y. City Charter, Chapter 16 § 396; see also, e.g., Adams v. Galletta, 966 F. Supp. 210, 212 (S.D.N.Y. 1997). The Court therefore grants the motion to dismiss plaintiff's claims against defendant NYPD, with prejudice, on this ground.

[3]Plaintiff has failed to properly serve non-moving defendant Jennifer Shaw, and the Court may therefore dismiss plaintiff's claims against this individual without prejudice pursuant to Rule 4(m). See FED. R. CIV. P. 4(m). Jennifer Shaw was never served, and the 120-day deadline for service has long past. (See Dkt. No. 2 (Summons issued as to Jennifer Shaw November 21, 2007); Dkt. No. 7 (Endorsed letter denying Court's assistance in locating Shaw).) The Court finds that Magistrate Judge Bloom's January 28, 2008 response to plaintiff's letter regarding her attempts to serve Shaw afforded sufficient notice of plaintiff's obligation to effect proper service within the 120-day period (Dkt. No. 7). Plaintiff's claims against Jennifer Shaw are therefore dismissed without prejudice pursuant to Rule 4(m). Additional non-moving parties remaining in this action include: (1) Richard Wang, M.D., served December 10, 2007 (Dkt. No. 6, at 14); (2) the four previously unnamed police officers discussed supra, n.1 (Dkt. No. 32); (3) private individuals Youdu Li and Qiyin Li, who filed a joint pro se answer on December 21, 2007 (Dkt. No. 3); and (4) private individual Linngor Tsang, served on December 8, 2007 (See Dkt. Nos. 6, 26 (Pl.'s Second Mot. for Default)).

of Entry of Order dismissing first action with prejudice, Defs.' Br., Ex. D, July 19, 2007. Defendants also seek a stay pending resolution of plaintiff's second state court action, which is predicated on the July 2005 episode. See Sun v. City of New York, No. 19895/2006 (Sup. Ct. Queens Cty.), Defs.' Br., Ex. C (hereinafter "second action").

After briefing concluded on defendants' motion to dismiss in this case, the New York Appellate Division, Second Department reversed the Queens County Supreme Court's order dismissing plaintiff's first state court action. See Ling Fei Sun v. City of New York, No. 5240/2006, 2008 N.Y. App. Div. Lexis 7974, 55 A.D.3d 795 (N.Y. App. Div. Oct. 21, 2008) (reversing Supreme Court of Queens County (Hart, J.) Order dismissing plaintiff's case and remitting the matter for further proceedings before a different Justice). The second action is still pending in the Queens County Supreme Court.

## DISCUSSION

### I. Legal Standard

In deciding a motion to dismiss a complaint pursuant to Rule 12(b)(6), the district court must accept the material allegations in the complaint as true. See Roth v. Jennings, 489 F.3d 499, 510 (2d Cir. 2007); Leather v. Eyck, 180 F.3d 420, 423 (2d Cir. 1999). In order to survive a motion to dismiss, plaintiff must allege sufficient facts "to state a claim to relief that is plausible on its face." Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1974 (2007); see also Iqbal v. Hasty, 490 F.3d 143, 152 (2d Cir. 2007), cert. granted sub nom., Ashcroft v. Iqbal, 76 U.S.L.W. 3417, 2008 WL 336310 (U.S. June 16, 2008) (No. 07-1015). Claims must be stated with "enough heft" to demonstrate an entitlement to relief. Iqbal, 490 F.3d at 156 (citing Twombly, 127 S. Ct. at

1974). "Dismissal under FED. R. CIV. P. 12(b)(6) is appropriate when a defendant raises claim preclusion . . . as an affirmative defense and it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law." Conopco, Inc., v. Roll Int'l, 231 F.3d 82, 86-87 (2d Cir. 2000).

Where, as here, a plaintiff appears pro se, the Court construes the complaint liberally. See, e.g., Weixel v. Bd. of Educ. of the City of N.Y., 287 F.3d 138, 145-46 (2d Cir. 2002). "This is particularly so when the pro se plaintiff alleges that her civil rights have been violated. Accordingly, the dismissal of a pro se claim as insufficiently pleaded is appropriate only in the most unsustainable of cases." Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008) (internal citations and quotation marks omitted).

## II. Statute of Limitations

Moving defendants correctly argue that plaintiff's § 1983 claims based on events allegedly occurring in August 2003 are barred by the relevant statute of limitations. See Cole v. Miraflor, 2006 U.S. Dist. Lexis 7050, at *18 (S.D.N.Y. Feb. 23, 2006) (the statute of limitations for bringing § 1983 claims is three (3) years). Plaintiff filed the present action on November 21, 2007, over four years after the alleged period of treatment in August 2003. Plaintiff does not address defendants' time-bar argument in her response. (See Pl.'s Br. 1-3; 10.) The Court will therefore grant defendants' motion as to plaintiff's § 1983 claims based on the alleged events of August 2003 only. (See Defs.' Br. 11 n.1.)

## III. Claim Preclusion

A "final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Bin Saud v. Bank of N.Y.,

29 F.2d 916, 918-19 (2d Cir. 1991) (quoting Fed. Dep't Stores Inc. v. Moitie, 452 U.S. 394, 398 (1981)). In light of the recent Appellate Division decision in plaintiff's first state court action, no final judgment on the merits exists for claim preclusion purposes. While moving defendants argue that this court should disregard plaintiff's appeal of the state court order, that appeal is no longer pending, but instead resulted in reversal of the very order upon which defendants now rely. Compare United States Info. Sys. v. Ibew Local Union No. 3, AFL-CIO, 2008 U.S. Dist. LEXIS 66759 (S.D.N.Y. Sept. 2, 2008) ("Even when an appeal is pending, the final judgment being appealed has preclusive effect."). In short, defendants' motion, which relies almost entirely on their *res judicata* defense, is premature. Defendants' Reply raises several new points regarding the merits of plaintiff's § 1983 claims (see Defs.' Reply, 8-11), but plaintiff has not had a meaningful opportunity to respond to these arguments. The Court therefore denies the remainder of defendants' Rule 12(b)(6) motion without prejudice.

**IV. Action Stayed Pending Resolution in State Court**

Moving defendants request a stay pending resolution of plaintiff's second state court action, which is based on the events of July 2005. In light of the Appellate Division's recent decision reversing the dismissal of plaintiff's first case, this Court will consider defendants' request to encompass plaintiff's first state court action as well. Plaintiff does not dispute defendants' assertion that all three actions are based on identical facts. Particularly given the premature posture in which this Court has addressed the present motion to dismiss, a stay pending final resolution of both state court cases is advisable.

In Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976), the Supreme Court identified the circumstances under which a federal court may abstain from or

delay the exercise of jurisdiction over a matter pending before a state court. For example, district courts may abstain where, as here, "state and federal courts exercise concurrent jurisdiction simultaneously." Burnett v. Physician's Online, Inc., 99 F.3d 72, 76 (2d Cir. 1996). As the Second Circuit has emphasized, however, "abstention is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it and . . . abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." Village of Westfield v. Welch's, 170 F.3d 116, 121 (2d Cir. 1999) (citing Colorado River, 424 U.S. at 813) (internal quotation marks omitted).

To determine whether abstention under Colorado River and progeny is appropriate, a district court must weigh six factors, "with the balance heavily weighted in favor of the exercise of jurisdiction," Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 16, 74 L. Ed. 2d 765, 103 S. Ct. 927 (1983): "(1) the assumption of jurisdiction by either court over any *res* or property; (2) the inconvenience of the federal forum; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether state or federal law supplies the rule of decision; and (6) whether the state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction." Village of Westfield, 170 F.3d at 121. No one factor is necessarily determinative, and the Court must ultimately reach "a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise . . . ." Colorado River, 424 U.S. at 818-819.

It is this Court's conclusion that the countervailing value of efficient administration of justice, as expressed in the Colorado River factors themselves, militates in favor of delaying the

exercise of federal jurisdiction pending the outcome of both parallel state court actions. The first factor is not relevant here. The second factor, while not overwhelming considering the proximity of the two jurisdictions in question, weighs in favor of staying the federal action because plaintiff and most defendants reside or are located in Queens. (See Defs.' Br., 12.)

The third factor, avoidance of piecemeal litigation, is of particular concern in this case. This Court presently confronts a premature motion for dismissal based on a state court order that was subsequently vacated in the course of ongoing litigation in the state courts. Identical facts and overlapping claims such as those presented here invite the kind of duplicative, piecemeal and contradictory judgments that abstention is designed to avoid. See, e.g., Conte v. Justice, No. 90-4673, 1991 U.S. Dist. Lexis 2365, at *8 (S.D.N.Y. Feb. 28, 1991). As plaintiff's federal and state cases are predicated on identical facts, defendants may raise preclusion defense in the future of this litigation. The third factor therefore weighs heavily in favor of staying the federal action until both state actions reach a final resolution on the merits.

The fourth Colorado River factor also favors abstention, as both of plaintiff's state court actions were filed over one year before she commenced her federal case. The fifth and sixth factors are not particularly helpful here, because plaintiff raises the same state court claims in all three actions, and both her state law claims and her federal claims are predicated on identical facts. A stay would not deny plaintiff the opportunity to raise her § 1983 claims, but merely defers this Court's consideration of the federal claims, if necessary, until after the state court -- a more appropriate forum and one selected by the plaintiff herself—addresses plaintiff's state law causes of action. See Conte, 1991 U.S. Dist. LEXIS 2365, at *7.

On balance, the benefits of awaiting the outcome of plaintiff's parallel state court actions

outweigh even the strong preference for exercising federal jurisdiction where it lies. The Court will therefore stay these proceedings pending the final resolution of both state court cases.

## CONCLUSION

Moving defendants' motion to dismiss is granted, in part, and denied, in part. The Court grants the motion as to all claims against the NYPD, a non-suable entity under state law, and these claims are accordingly dismissed with prejudice. Plaintiff's § 1983 claims arising out of the alleged period of treatment occurring in August 2003 are barred by the applicable statute of limitations and are hereby dismissed with prejudice as against all defendants. Moving defendants' motion is denied without prejudice as to all other claims. Plaintiff's claims against Jennifer Shaw are dismissed without prejudice pursuant to FED. R. CIV. P. 4(m). This case is hereby stayed pending a final decision on the merits in both of plaintiff's state court actions, currently pending before the New York Supreme Court of Queens County. Plaintiff's motion for default judgment against private individual Linngor Tsang (Dkt. No. 26) is denied with leave to renew following the resolution of plaintiff's state court actions.

SO ORDERED.

Dated: Brooklyn, New York
March 23, 2009

s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge